GEORGE BEAULE *vs.* ACME FINISHING COMPANY.

DECEMBER 19, 1913.

PRESENT:   Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, J.J.

*(1)   Bills of Exceptions.   Stating the Exceptions.*

A party cannot offer a summary statement of the meaning and effect of
certain evidence alleged by him to have been introduced at the trial, in
place of the transcript of such evidence as officially reported, but in any
event such a statement would have no place in a bill of exceptions, and was
properly stricken out before the bill was allowed.

*(2)   Bills of Exceptions.   Sufficiency of Transcript.*

It is the duty of the Superior Court to determine whether the entire transcript
of evidence shall be filed or how much thereof may be necessary for the
determination of the exceptions, and rule 13 of the Supreme Court provides
for a petition to determine the correctness of a transcript, and if the court
can entertain a petition for declaring the *sufficiency* of a transcript it must
be by a liberal interpretation of rule 13 relative to a petition to establish
the *correctness* of a transcript.

*(3)   Bills of Exceptions.   Sufficiency of Transcript.*

On a petition for declaring the sufficiency of a transcript, it appeared that the
transcript contained none of the evidence introduced before the jury, but
only evidence offered and rulings as to the right of plaintiff to interrogate
jurors and as to the requests to charge of the parties respectively refused
and granted to which exceptions were taken by the plaintiff and all of the
charge of the court.   There were two depositions in the case, one of which
had not been opened, and there was no reference in the transcript showing
the use of the other, but plaintiff filed an affidavit stating that the deposi-
tions were offered and received in evidence.

*Held,* that the statutes provided a method for the production of a correct
record of so much of the proceedings at the trial as might be necessary for
the determination of a bill of exceptions, and such method was exclusive.

*Held,* further, that there was no question as to the *correctness* of the transcript,
so far as it went, but only as to its sufficiency for which fact the party order-
ing it was responsible, and in so far as the record of the trial was not con-
tained in the transcript filed, it was not before the court, and as such trans-
cript failed to show the admission of the deposition it would not be consid-
ered.

*Held,* further, that the fact that defendant filed no affidavit denying the use
of the deposition was not important, as the statutory procedure could
not be waived.

*(4)   Bills of Exceptions.   Sufficiency of Transcript.*

On a petition for declaring the sufficiency of a transcript of evidence, where
the transcript offered contains none of the evidence taken at the trial,

the court cannot disturb the finding of the justice presiding as to the insufficiency of the transcript for the determination of the exceptions, for even if some of the requests to charge were to be accepted as correct statements of law, in the absence of the transcript the court cannot determine as to their pertinency sufficiency or correctness as they relate to the case at bar.

(5)   *Bills of Exceptions.   Sufficiency of Transcript.*

Where a party has filed no petition to review the finding of the justice presiding that a transcript is sufficient for the determination of certain exceptions, such ruling is not before the court, upon a petition by the adverse party to review the finding of the justice that such transcript is insufficient for the determination of other exceptions.

TRESPASS ON THE CASE for negligence.   Heard on petition of plaintiff to establish the truth of his bill of exceptions and denied.

BAKER, J.   This is an action of trespass on the case to recover damages for injuries alleged to have been received through the negligence of the defendant.   It is now heard on plaintiff's petition to establish the truth of his bill of exceptions as filed and to have the transcript of evidence, etc., as filed, together with the depositions of George Beaule and Cyprien Edgar Blais declared sufficient for the determination of said exceptions.   On the trial there was a verdict for the defendant.   Plaintiff took several exceptions during the trial and thereafter filed a bill containing eight exceptions, together with the transcript of certain proceedings in the chambers of the justice presiding at the trial before any jurors were called in the case, when said justice made a ruling as to the right of the petitioner to interrogate the jurors on their being called as to their having any prejudicial interest in a certain liability insurance company, and of the proceedings at the close of the trial with reference to the charge of said justice and to certain requests to charge made by the parties.

The first exception in the bill relates to the ruling of the justice in chambers.   The next six exceptions relate to rulings of the justice in refusing to charge the jury as re-

quested by the plaintiff. The eighth exception refers to a ruling of said justice in charging the jury in terms of the seventh request of the defendant.

The parties were duly notified of the hearing for the allowance of the bill of exceptions and the transcript at which they appeared and were heard. Upon the objection of the defendant thereto said justice struck out the following sentence on the first page of the bill of exceptions, namely, "on the trial of said cause plaintiff offered evidence tending to prove all the material allegations of the second count of plaintiff's declaration and the defendant offered evidence tending to disprove all the material allegations of said count," and allowed the bill as thus altered.

(1) Plaintiff claims to be aggrieved by such alteration. By this sentence he attempts to bring into the case a summary statement of the meaning and effect of certain evidence alleged by him to have been introduced at the trial, to be accepted by the court as true, in place of the transcript of the evidence actually given as officially reported by the court stenographer. We do not think this is permissible. However, even if the statement could be considered as a substitute for the transcript of the evidence it has no place in the bill of exceptions. The statute requires of the party bringing a bill of exceptions that in it "he shall state separately and clearly the exceptions relied upon." Section 17, Chapter 298 of the General Laws. The sentence stricken out is no part of the statement of an exception and may properly be treated as surplusage and therefore as not affecting in any way the rights of either party; but inasmuch as a bill of exceptions, to meet the requirement of being clearly stated, should not be incumbered by extraneous and immaterial matter, it was not improper on the part of the justice to strike out the sentence in question, nor does any good ground exist for its restoration. As to the bill of exceptions the plaintiff obtains all that he is entitled to in the allowance of all of his exceptions.

(2)    Upon the transcript filed the justice made this endorsement: "I allow this transcript as being sufficient for the consideration of plaintiff's first, third and sixth exceptions. I find it not to be sufficient for the consideration of plaintiff's second, fourth, fifth, seventh and eighth exceptions." Plaintiff claims to be aggrieved thereby and asks that "said transcript as originally filed, together with the said depositions be declared sufficient for the determination of said exceptions." There is no express provision in the statute requiring a justice of the Superior Court to pass on the sufficiency of a transcript for the determination of a bill of exceptions. But in *Smith* v. *Hurley*, 29 R. I. 489, 492, this court held it to be the duty of the Superior Court, under Sec. 17 of Chap. 298 of the Gen. Laws (formerly Section 494 C. P. A.), "to determine whether the entire transcript of the evidence shall be filed, or how much thereof may be necessary for the determination of the exceptions." In this case the justice has decided that the transcript filed is sufficient for the determination of certain exceptions and insufficient for others, as above stated. While said Chapter 298 does not expressly provide for proceedings before this court for the establishment of the truth of a transcript, Rule 13 of this court does make provision for a "petition to determine the correctness of a transcript of testimony," and points out the procedure to be followed. If this petition for declaring the *sufficiency* of the transcript is properly before us it must be by a somewhat liberal interpretation of that part of Rule 13 relative to a petition to establish the *correctness* of a transcript. The transcript in this case contains the record of none of the evidence introduced before the jury at the trial. The plaintiff did not ask the stenographer for any, the terms of his request to the stenographer being for "all the evidence offered and rulings of court as to the right of plaintiff to interrogate jurors called to serve as to their financial interest in said liability insurance company and all the requests of the plaintiff to charge refused by the court to which exceptions were taken by the

plaintiff and to requests to charge by the defendant granted by the court to which exceptions were taken by the plaintiff and all the charge of the court as given."

(3)    Two depositions are in the papers of the case. The envelope containing one of them has never been opened. The envelope containing the deposition of Blais has been opened. It is obvious that the unopened deposition was not used at the trial. There is no reference in the transcript showing the use of the deposition of Blais at that time. The mere fact of its being opened affords no presumption that it was thus used. It may have been offered in evidence at the trial and have been excluded for some reason, or it may have been admitted only in part. The record discloses nothing as to what did occur at the trial as to this matter. But the counsel of record of the plaintiff have filed their affidavits in this court stating that the two depositions were offered and received in evidence at the trial. There is no affidavit asserting the contrary. Admitting these affidavits to be true as to the deposition of Blais, is such deposition properly before the court for its consideration? We think not. The statute provides an orderly method for the production before this court, in its consideration of a bill of exceptions of a correct record of so much of the proceedings at the trial below as may be necessary therefor. Sec. 3 of Chap. 298 of the Gen. Laws requires that a court stenographer "shall report stenographically the proceedings in the trial of every action or proceeding, civil or criminal, in the Superior Court" . . . and "shall also make a transcript of the whole or any part of such report upon the written request, filed with the clerk, by either party to such action or proceeding." Section 19 of said Chapter 298 makes provision for a hearing of the parties before the justice who presided at the trial as to the correctness of such transcript and for its allowance or disallowance by him in accordance with his finding on that point. No exception is permitted to such decision, but his action may nevertheless be reviewed; and if a party

is aggrieved thereby said Rule 13 provides that "Every petition to determine the correctness of a transcript of testimony shall be accompanied by affidavit, setting forth that the transcript certified by the court stenographer is correct or incorrect, as the case may be, and if incorrect, in what particular." All of these successive steps are established in order to obtain a true record. "The transcript when its correctness is finally established is conclusive evidence as to the proceedings at the trial." *Vassar* v. *Lancaster*, 30 R. I. 221, 227. In our judgment also this authorized mode of procedure is designed to be exclusive and to take the place of all former and other methods for procuring a correct record of the proceedings below in bringing up a case on exceptions.

In this case no question is raised as to the *correctness* of the transcript filed. The endorsement of the justice presiding is fairly to be interpreted as allowing the transcript to be correct, so far as it goes, although finding that it is insufficient and incomplete, and the petition of the plaintiff now under consideration does not deny its correctness. Had the plaintiff requested of the stenographer a transcript of all the evidence, or of so much of the proceedings at the trial as showed the admission in evidence as a whole or in part of the Blais deposition, and had the transcript when delivered and filed, failed to show the use of this deposition in the trial, he would have had the opportunity first to dispute its correctness in this particular before the justice presiding, who would be assisted in passing on the question raised, by his recollection of what took place at the trial; and if aggrieved by the action of said justice thereon, secondly, to raise the same question here by petition accompanied by affidavit.

We start, however, with the record of the proceedings at the trial as made by the court stenographer. If unchallenged, it is accepted as correct. If objected to and the objection is found good in some particulars the record as filed is corrected. In this case the plaintiff obtained the

transcript of so much of the proceedings of the trial as he requested of the stenographer, it was allowed as correct by the court below and he does not now dispute its correctness.    If it is incomplete and so insufficient he is responsible for that.    Whatever may have been the court proceedings at the trial, in so far as the record thereof is not contained in the transcript filed, they are not now before us.    Therefore inasmuch as the transcript filed is admittedly correct and it fails to show the admission of the Blais deposition in evidence, it is not properly before us in the consideration of the plaintiff's bill of exceptions.    It is in the same condition as the other evidence given orally at the trial, the transcript of which is not produced here.    The fact that the defendant filed no affidavit denying the use of the Blais deposition at the trial as set out in the plaintiff's affidavits is not important.    The statutory procedure cannot be waived.    In *Paull* v. *Paull*, 30 R. I. 253, the transcript was not allowed by the justice presiding at the trial, but it was urged here that this defect was waived. The court, however, held that the procedure prescribed by statute and rule could not be waived even by stipulation, but must be followed and that there was no record in court on which the case could be tried.

In the absence of a transcript of any of the evidence taken at the trial, it is difficult to discover any ground for disturbing the finding of said justice as to the insufficiency of the transcript for the consideration of the second, fourth, fifth, seventh and eighth exceptions.    He saw the witnesses, heard the testimony and had the opportunity of judging as to its significance and value.    Under these conditions, his decision is entitled to be upheld.    Even if some of the plaintiff's requests were to be accepted as correct statements of law, in the absence of any transcript of evidence we cannot determine as to their pertinency, sufficiency or correctness as they may relate to this case.    See *in re Stillman*, 28 R. I. 297; *Vassar* v. *Lancaster, supra,* 228.

The plaintiff fails therefore to show that his petition ought to be granted.

The defendant on its part, urges that the transcript is insufficient, also for the determination of plaintiff's third and sixth exceptions. It has, however, not claimed to be aggrieved by the ruling of the justice that said transcript is sufficient for the consideration of said two exceptions and has filed no petition in this court for the review of his action in this particular and therefore his ruling as to these exceptions is not before us.

In accordance with what has already been stated, the plaintiff's petition is denied and the case will stand for hearing on the first, third and sixth exceptions of said bill of exceptions.

*A. B. Crafts, William H. McSoley,* for plaintiff.
*Gardner, Pirce & Thornley,* for defendant.